No. 99,225

STATE OF KANSAS, *Appellee,* v. JUAN JOSE BELLO, *Appellant.*

(211 P.3d 139)

Opinion filed July 2, 2009.

*Randall L. Hodgkinson,* of Kansas Appellate Defender Office, argued the cause and was on the brief for the appellant.

*Lois K. Malin,* assistant county attorney, argued the cause, and *John P. Wheeler, Jr.,* county attorney, and *Stephen N. Six,* attorney general, were with her on the brief for the appellee.

The opinion of the court was delivered by

JOHNSON, J.: Juan Jose Bello appeals his convictions and sentences for one count each of aggravated criminal sodomy and aggravated indecent liberties with a child. The district court imposed a hard 25 life imprisonment sentence, pursuant to K.S.A. 21-4643. Bello contends that the district court erred by excluding evidence on the basis of noncompliance with the time constraints of K.S.A. 21-3525; that the State failed to charge and the district court failed to instruct on an essential element of the crimes, violating his constitutional rights; and that his disproportionate sentence violates the Eighth Amendment to the United States Constitution and Section 9 of the Bill of Rights of the Kansas Constitution. We affirm the convictions but vacate the sentences and remand.

Highly summarized, the 7-year-old female victim, H.P.M., and her family were at the Bello home for a social visit. Eventually, H.P.M. found her way to a downstairs bed, where her brother was sleeping, while the adults were visiting upstairs. Bello made two unaccompanied trips downstairs. H.P.M. says that during each trip, Bello entered the bedroom, turned out the lights, pulled her pants and underwear to her knees, and both licked and touched her vaginal area. She pretended to be asleep and her brother remained asleep during both incidents. After the second incident, H.P.M. went upstairs and told her mother what had happened. A fight ensued and the police responded. After initially denying the allegations, Bello ultimately admitted that he had made contact with H.P.M.'s genitalia with his lips and tongue.

The State charged Bello with two counts of aggravated criminal sodomy and two counts of aggravated indecent liberties with a child. At trial, Bello attempted to present evidence suggesting that H.P.M. had been previously molested by someone else, so that his expert could testify as to the effect of prior sexual abuse on victims. After a hearing on the motion, the trial court excluded the evidence, partially because it fell within K.S.A. 21-3525, the rape shield statute, and also because Bello had not complied with the 7-day notice requirement.

During deliberations, the jury requested several readbacks of testimony and asked for the definition of "lewd or lewd manner."

Bello was ultimately convicted of one count of aggravated criminal sodomy and one count of aggravated indecent liberties with a child. The trial court sentenced Bello under K.S.A. 21-4643, commonly referred to as Jessica's Law, which requires a hard 25 life sentence on both counts. The court denied Bello's motion for departure.

Bello filed this timely appeal, challenging his convictions and sentences. Our appellate jurisdiction is pursuant to K.S.A. 22-3601(b)(1).

## EXCLUSION OF EVIDENCE

Bello contends that the district court erred in utilizing the notice provisions of K.S.A. 21-3525 to exclude evidence of H.P.M.'s prior sexual abuse. K.S.A. 21-3525(b) prohibits introduction of "evidence of the complaining witness' previous sexual conduct with any person including the defendant," except as the court may specifically order admitted pursuant to a motion "made at least seven days before the commencement of the proceeding unless that requirement is waived by the court." Bello contends that the sexual conduct contemplated by the statute, commonly known as the rape shield law, should not include a prior incident where the complaining witness had been victimized. The suggestion is that the "sexual conduct" referred to in the statute contemplates a voluntary, consensual act by the complaining witness. Therefore, Bello argues that the rape shield statute, and its accompanying time constraints, did not apply to the proffered evidence of H.P.M.'s prior sexual abuse.

Bello poses an interesting question of statutory interpretation, which would be subject to an unlimited review. See *State v. White*, 279 Kan. 326, 331-32, 109 P.3d 1199 (2005). However, Bello failed to raise the issue before the district court. See *State v. Shopteese*, 283 Kan. 331, 339, 153 P.3d 1208 (2007) (issues not raised before trial court cannot be raised on appeal).

Further, Bello appears to have invited the district court to apply the very statute that he now claims is inapplicable. See *Butler County R.W.D. No. 8 v. Yates*, 275 Kan. 291, 296, 64 P.3d 357 (2003) (party may not invite error and then complain of the error on appeal). In seeking admission of the evidence ultimately ex-

cluded, Bello filed a pleading entitled "Motion to Allow Testimony of Complaining Witness' Previous Sexual Conduct Pursuant to K.S.A. 21-3525." Thus, contrary to his appellate argument, Bello requested that the trial court apply the provisions of the rape shield statute and specifically identified the testimony as relating to "previous sexual conduct." Moreover, at the beginning of the in-chambers proceeding on Bello's motion, the court stated that the motion "has to be [under] K.S.A. 21-3525." In response, defense counsel stated, "Yes, that will be the rape shield statute Your Honor." Bello invited the district court to consider the admissibility of the proffered evidence under the provisions of K.S.A. 21-3525 and he cannot now complain that the district court granted that request.

Perhaps more fundamentally, separate and apart from the ruling on the time constraints of K.S.A. 21-3525, the district court properly excluded Bello's proffered evidence on the basis that it lacked relevance. Bello argued that the evidence was relevant to credibility, the theory being that H.P.M. was abused or observed another young girl being abused and transferred that experience into making the allegations against Bello, whose physical appearance was similar to the prior abuser. The disconnect in Bello's theory is the absence of any evidence that H.P.M. suffered the prior trauma.

First, the assertion in Bello's appellate brief that "the district court prevented Mr. Bello from presenting direct evidence regarding prior abuse and its effect" is belied by the record; there was no such direct evidence. Although Bello's trial counsel asserted in opening statement that H.P.M. had been previously abused, after the State objected, defense counsel admitted to the trial court that "at this point in time we have no evidence that [H.P.M.] was actually abused." At that point, the defense's contention shifted to asserting a belief that H.P.M. might have witnessed another young girl being abused, but again, there was no direct evidence to support that contention either.

Ultimately, the only evidence the defense had to offer was circumstantial, consisting of an affidavit from Bello's wife that she had observed H.P.M. kissing her brother inappropriately and dressing inappropriately and that H.P.M. had jumped on the defendant's lap one time to play a game. Bello argued that such evidence es-

tablished an inference that the prior abuse had occurred, which was a necessary predicate for his expert's opinion on abused children. The district court rejected the argument, stating:

"[C]onduct such as wearing . . . inappropriate clothing, jumping on . . . the defendant's lap, kissing her brother has been described as inappropriate in the affidavit. And that, of course, in my opinion is not sexual conduct under the terms of the statute. . . .

"Now, the Court has to decide whether or not that kind of activity can be brought in and subject to . . . an analysis by an expert, Dr. Hough. Dr. Hough in his affidavit doesn't address nonsexual conduct in his affidavit other than to say that observed behavioral changes may include greater interest in sexualized themes in conversation and play. He doesn't draw the conclusion in his affidavit . . . that says that having had prior abuse visited upon this child may have triggered the transference that the defense is advancing.

"Consequently I see nothing of relevance in the nonsexual conduct of this child that would give rise to any relevant information that can be proved to the jury in this case."

For evidence to be relevant, " 'there must be some material or logical connection between the asserted facts and the inference . . . they are intended to establish.' " *State v. Reid*, 286 Kan. 494, 502-03, 186 P.3d 713 (2008) (quoting *State v. Gunby*, 282 Kan. 39, 47, 144 P.3d 647 [2006]). Bello's evidence simply did not support a reasonable inference that H.P.M. had been previously abused or traumatized. Without that foundation, the expert's opinion regarding the behavior of previously abused children had no relevance. The district court correctly excluded the evidence.

*DEFENDANT'S AGE*

Bello points out that neither the charging document nor the jury instructions specifically addressed the fact that he was age 18 years or older at the time he committed the offenses, which he contends is an essential element of an aggravated crime under K.S.A. 21-4643(a)(1). Therefore, he argues that his conviction and sentence violated the Sixth Amendment to the United States Constitution, Section 10 of the Kansas Constitution Bill of Rights, and the Kansas statute.

Bello's arguments implicate jurisdiction, statutory interpretation, and constitutional interpretation. Our review is unlimited. See *Fos-*

*ter v. Kansas Dept. of Revenue*, 281 Kan. 368, 369, 130 P.3d 560 (2006) (existence of jurisdiction a question of law subject to unlimited review); *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006) (statutory interpretation a question of law subject to unlimited review); *State v. Allen*, 283 Kan. 372, 374, 153 P.3d 488 (2007) (constitutionality of a sentencing statute is a question of law subject to unlimited review).

Bello bases his arguments on K.S.A. 21-4643(a)(1), which provides, subject to certain exceptions not applicable here, that "a defendant who is 18 years of age or older and is convicted of the following crimes committed on or after July 1, 2006, shall be sentenced to a term of imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years." Among the listed crimes to which the hard 25 sentence applies are aggravated indecent liberties with a child (K.S.A. 21-3504) and aggravated criminal sodomy (K.S.A. 21-3506), the crimes for which Bello was convicted. Bello asserts that K.S.A. 21-4643 essentially establishes an aggravated form of the enumerated crimes, so that a defendant being age 18 or older becomes an essential element which must be proved for a conviction of that aggravated crime.

For the underlying principle governing this issue, Bello directs us to the holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000): "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Bello then proffers two approaches to the omitted age problem: (1) By not alleging that Bello was age 18 or older in the charging document, the State only validly charged Bello with committing the lesser severity level of the offenses, requiring that we vacate the hard 25 life sentences and remand for imposition of the appropriate Kansas Sentencing Guidelines Act (KSGA) sentences corresponding to the crimes for which Bello was actually charged and convicted; or (2) by omitting an essential element of the aggravated form of the crime, *i.e.*, the defendant's age, the jury instructions were clearly erroneous, requiring a reversal of the convictions and remand for a new trial.

Although perhaps immaterial to our ultimate disposition, we pause to question Bello's characterization of K.S.A. 21-4643 as the statute which establishes the separate, "aggravated form" of the crimes in this case. Here, the statutes defining the crimes in the first instance describe differing severity levels and specifically set forth the fact which triggers the higher severity level, *i.e.*, the offender's age.

The elements of aggravated indecent liberties with a child are contained in K.S.A. 21-3504, which states in relevant part:

"(a) Aggravated indecent liberates with a child is:

. . . .

(3) engaging in any of the following acts with a child who is under 14 years of age:

(A) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both; . . .

. . . .

"(c) Except as provided further, aggravated indecent liberties with a child as described in subsections (a)(1) and (a)(3) is a severity level 3, person felony. . . . *When the offender is 18 years of age or older,* aggravated indecent liberties with a child as described in subsection (a)(3) is an off-grid person felony." (Emphasis added.)

Similarly, the elements of aggravated criminal sodomy are set forth in K.S.A. 21-3506, which provides in relevant part:

"(a) Aggravated criminal sodomy is:

(1) Sodomy with a child who is under 14 years of age;

. . . .

"(c) Except as provided further, aggravated criminal sodomy is a severity level 1, person felony. Aggravated criminal sodomy as described in subsection (a)(1) or (a)(2), *when the offender is 18 years of age or older,* is an off-grid person felony." (Emphasis added.)

Moreover, the sentences for off-grid crimes are set forth in K.S.A. 21-4706, which provides, in relevant part:

"(d) *As identified in K.S.A. . . . 21-3504, 21-3506, . . . and amendments thereto,* if the offender is 18 years of age or older and the victim is under 14 years of age, such violations are off-grid crimes for the purposes of sentencing. Except as provided in K.S.A. 21-4642, and amendments thereto, the sentence shall be imprisonment for life pursuant to K.S.A. 21-4643, and amendments thereto." (Emphasis added.)

In other words, each of the statutes defining the crimes involved in this appeal, aggravated criminal sodomy and aggravated indecent liberties with a child, sets forth two separate levels of the offense which can apply to the act which Bello committed: one a KSGA nondrug grid box offense, and the other an off-grid offense. The determination of which offense applies turns on whether the offender was age 18 or older when committing the criminal act.

The structure of the crime-defining statutes here is akin to that of the theft statute, K.S.A. 21-3701, which describes varying levels of offenses based upon the additional fact of the stolen property's value. See *State v. Stephens* 263 Kan. 658, Syl. ¶ 2, 953 P.2d 1373 (1998) (degree of a theft crime determined by the value of the property stolen); *State v. Piland*, 217 Kan. 689, Syl. ¶ 3, 538 P.2d 666 (1975) (where value of stolen property is in issue, trial court should instruct the jury with respect to the *element* of value and require a jury finding as to value). Thus, while K.S.A. 21-4643 reiterates the age factor which elevates the sentence for aggravated criminal sodomy or aggravated indecent liberties with a child to a hard 25 life sentence, that severity-enhancing factor is initially identified in the statutes defining the respective crimes.

The State responds to Bello's arguments by first arguing that its statutory citations in the charging instrument gave Bello sufficient notice of the penalties he could face, and, therefore, Bello was afforded adequate procedural due process. We have previously held that "[a] citation in the complaint to the statute involved cannot substitute to supply a missing element of the charge. [Citation omitted.]" *State v. Christiansen*, 258 Kan. 465, 466, 904 P.2d 968 (1995).

However, for its second argument, the State contends that Bello's age was not an element of the offenses charged under K.S.A. 21-3504 and 21-3506, but rather it was simply "an element in a sentencing statute," *i.e.*, K.S.A. 21-4643. Moreover, the State asserts that Bello "cites to no legal authority as to why [offender's age] is an element" of the offenses. Not only does the State ignore the explicit language of K.S.A. 21-3504 and 21-3506, discussed above, but it fails to grasp the significance of Bello's citation to *Apprendi.*

In *Apprendi*, the Supreme Court clarified that merely because a state legislature places a sentence enhancing factor within the sentencing provisions of the criminal code does not mean that the factor is not an essential element of the offense. *Apprendi*, 530 U.S. at 495. If a "sentencing factor" is used to increase a defendant's sentence beyond the maximum authorized statutory sentence, it is the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict. *Apprendi*, 530 U.S. at 494 n.19; see *Ring v. Arizona*, 536 U.S. 584, 602, 153 L. Ed. 2d 556, 122 S. Ct. 2428 (2002).

"[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.* [Citations omitted.] In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Blakely v. Washington*, 542 U.S. 296, 303-04, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004).

A defendant's right to a jury trial is violated where the judge makes the sentence enhancement factfinding, rather than the jury. See *Cunningham v. California*, 549 U.S. 270, 288-89, 166 L. Ed. 2d 856, 127 S. Ct. 856 (2007).

At Bello's trial, the State presented no evidence as to his age, and the trial court did not instruct the jury to make a finding that Bello was age 18 years or older. Therefore, based on the facts reflected in the jury verdict, without the sentencing judge finding the additional fact of Bello's age, the statutory maximum sentences prescribed for the crimes of aggravated indecent liberties of a child and aggravated criminal sodomy were to be found in the KSGA nondrug offense sentencing grid along the lines for a severity level 3 felony and a severity level 1 felony, respectively. See *State v. Gould*, 271 Kan. 394, Syl. ¶ 4, 23 P.3d 801 (2001) ("A judge may not impose a more severe sentence than the maximum sentence authorized by the facts found by the jury."). To increase the penalty beyond that, *i.e.*, to sentence Bello for an off-grid offense under K.S.A. 21-4643, the fact that Bello was age 18 years or older at the time he committed the offense needed to have been submitted to

the jury and proved beyond a reasonable doubt. See *Gould*, 271 Kan. 394, Syl. ¶ 2.

Accordingly, the sentence imposed upon Bello under K.S.A. 21-4643 is vacated, and the case is remanded for resentencing the convictions as on-grid felonies pursuant to the KSGA. Given our decision to vacate Bello's sentence under K.S.A. 21-4643, we need not address his contention that his sentence was disproportionate and violated the Eighth Amendment and Section 9 of the Kansas Constitution Bill of Rights.

Convictions affirmed, sentences vacated, and case remanded for resentencing.