NOT DESIGNATED FOR PUBLICATION

No. 113,208

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROBERT F. CHRISTIE,
*Appellant*,

v.

DAVID R. MCKUNE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; DAN K. WILEY, judge. Opinion filed November 6, 2015. Affirmed.

*Michael G. Highland*, of Bonner Springs, for appellant.

*Sherri Price*, special assistant attorney general, for appellee.

Before ATCHESON, P.J., SCHROEDER, J., and HEBERT, S.J.

*Per Curiam*: In 1975, Robert F. Christie pled guilty to several crimes and was given consecutive sentences. He was paroled in 1988, but in 1990 he pled guilty to first-degree burglary in Minnesota and was sentenced to prison. A Kansas detainer was filed, and when Christie was released from custody in Minnesota in 2003, he was returned to Kansas, where his parole was revoked. In September 2011, Christie filed a K.S.A. 60-1501 petition, arguing that he was entitled to immediate release. The district court denied the petition.

1

On appeal, Christie argues that his sentence was improperly calculated and that the 13-year delay between his Minnesota conviction and his Kansas parole hearing violated his due process rights.

We find that the sentence has been correctly calculated and that Christie has not established prejudice to any protected liberty interest. We, therefore, affirm the judgment of the district court.

*Factual and Procedural Background*

Both parties rely on this court's recitation of the facts in *State v. Christie*, No. 109,861, 2014 WL 2224864 (Kan. App. 2014) (unpublished opinion). In *Christie*, this court stated:

"In 1975, Christie pled guilty to aggravated burglary, attempted misdemeanor theft, aggravated sodomy, and rape. Christie was sentenced to not less than 5 years nor more than 20 years for the aggravated burglary charge; 6 months for the attempted theft charge; not less than 15 years nor more than life for the aggravated sodomy charge; and not less than 5 years nor more than 20 years for the rape charge. All sentences were to run consecutively. The court later adjusted the 6 months for the attempted theft charge to 1 month. A motion for modification of sentence was filed, but there is no record or journal entry to show if it was ever heard. Christie was released on parole in 1988.

"In 1990, Christie pled guilty to first-degree burglary in Otter Tail County, Minnesota. The Minnesota district court sentenced Christie to 240 months in prison. Upon Christie's arrest in Minnesota, Kansas authorities filed a detainer warrant against Christie.
"Thirteen years later, Christie was released from the Minnesota prison, and Christie was brought back to Kansas for a parole revocation hearing. Christie's parole revocation hearing was held on September 3, 2003. At this hearing, the Board revoked Christie's parole as a result of the Minnesota criminal conviction. Because Christie's

2

parole was revoked previously, he has been passed over for parole on three separate occasions. There is nothing in the record to indicate that Christie appealed any of his parole denials." 2014 WL 2224864, at *1.

In September 2011, Christie filed a K.S.A. 60-1501 petition. The district court denied Christie's petition in February 2013. Christie now appeals.

*Christie's sentence was correctly calculated.*

Christie claims that the district court should have granted his 60-1501 petition because his sentence was calculated incorrectly. Specifically, Christie claims that when he was paroled in 1988, he had completed the first two of his three sentences, which means he was paroled from his third sentence, the 5-to-20 year sentence for rape. Christie believes that he has served that sentence and is entitled to immediate release.

When reviewing the denial of a K.S.A. 60-1501 petition, the applicable standard of review is "whether the factual findings of the district court are supported by substantial competent evidence and whether those findings are sufficient to support its conclusions of law." *Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 (2004). To the extent that statutory interpretation is required, this court's review is unlimited. *State v. Bello*, 289 Kan. 191, 193, 211 P.3d 139 (2009).

In denying Christie's petition, the district court explained in detail why, based on various Kansas statutes and regulations, Christie is now serving his 15 years to life sentence. But this issue can be resolved without reviewing any statutes or regulations. In *Aikins v. Werholtz*, No. 108,619, 2013 WL 2992839, at *2 (Kan. App.) (unpublished opinion), *rev. denied* 298 Kan. 1201 (2013), this court succinctly and persuasively stated:

3

"With a life sentence, an inmate never really begins serving a consecutive sentence for a term of years. The term of a life sentence really is the remainder of the inmate's life, however long that might be. But the consecutive sentence does affect when the inmate becomes eligible for parole or some other form of conditional release. Likewise, were the life sentence reversed, vacated, or commuted, the inmate would still serve the term of years on the other conviction."

Thus, Christie is, in fact, serving his 15 years-to-life sentence. His two 5-to-20-year consecutive sentences were presumably used to calculate his parole date in 1988, but he has not begun serving either of those sentences. The end result is that because one of his consecutive sentences is 15 years to life, Christie will spend the rest of his life in prison unless he is paroled in the future.

Christie misplaces his appellate reliance on *United States v. Randall,* 472 F.3d 763 (10th Cir. 2006). First of all, the issue in *Randall* involved application of federal sentencing guidelines and is, thus, clearly distinguishable. Further, the Kansas Supreme Court has determined that 10th Circuit decisions are not binding precedent is Kansas courts. See *State v. Thompson,* 284 Kan. 763, 801, 166 P.3d 1015 (2007).

The district court did not err in determining Christie's sentence.

*Christie's procedural due process rights have not been violated.*

Christie also claims that the district court should have granted his petition because his procedural due process rights were violated. Specifically, Christie contends that his parole revocation hearing did not take place within a reasonable amount of time because it did not occur until 13 years after the detainer was filed.

This court has already addressed this claim, albeit in dicta, in Christie's previous appeal. In *Christie*, this court found Christie's procedural due process claim procedurally

4

barred. But this court did briefly note that the Supreme Court had already rejected an argument similar to Christie's in *State v. Hall*, 287 Kan. 139, 195 P.3d 220 (2008). 2014 WL 2224864, at *4.

As stated above, when reviewing the denial of a K.S.A. 60-1501 petition, the applicable standard of review is "whether the factual findings of the district court are supported by substantial competent evidence and whether those findings are sufficient to support its conclusions of law." *Rice,* 278 Kan. at 320. An appellate court's review of whether an inmate's procedural due process rights have been violated is unlimited. *Jamerson v. Heimgartner*, No. 112,623, 2015 WL 3875374, *2 (Kan. App. 2015) (unpublished opinion) (citing *In re Pierpoint*, 271 Kan. 620, Syl. ¶ 4, 24 P.3d 128 [2001]; *Swafford v. McKune*, 46 Kan. App. 2d 325, 328, 263 P.3d 791 [2011], *rev. denied* 294 Kan. 948 [2012]).

The United States Supreme Court has held that a "revocation hearing must be tendered within a reasonable time after the parolee is taken into custody." *Morrissey v. Brewer*, 408 U.S. 471, 488, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). The Kansas Supreme Court, relying on *Moody v. Daggett*, 429 U.S. 78, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976), has held that in order for petitioners to succeed, they must also establish prejudice. *Hall*, 287 Kan. at 151-52. Our court also noted that the U.S. Supreme Court found that any adverse impact on a petitioner's possibility of early release or parole date was not a liberty interest. 287 Kan. at 152 (citing *Moody*, 429 U.S. at 88).

Here, Christie argues that *Hall* is inapplicable because he was prejudiced in that had his revocation hearing been held immediately, he would have been released from prison already, which is a form of harm not possible in *Hall*. Specifically, Christie states that had his revocation hearing not been delayed, his parole would have likely been revoked and then he would have been placed "in the queue for new parole hearings, any at which he could have been paroled to serve his Minnesota sentence and upon

5

completion released from incarceration." But what Christie is essentially arguing is that the 13-year delay had an adverse impact on his possibility of early release and his parole date, which the U.S. Supreme Court has held is not a liberty interest. 287 Kan. at 152 (citing *Moody*, 429 U.S. at 88). Christie's claim is also based on the belief that he would have been paroled to serve his Minnesota sentence, which seems unreasonable because since being reincarcerated in 2003 he has been passed over for parole three times. *Christie*, 2014 WL 2224864, at *1.

Christie has failed to establish that he was prejudiced by the delay between his 1990 conviction in Minnesota and his parole revocation hearing because the prejudice he claims is not a liberty interest recognized by the U.S. Supreme Court. Thus, Christie's procedural due process rights were not violated.

Affirmed.