NOT DESIGNATED FOR PUBLICATION

No. 127,785

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

MICHAEL W. WICKS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Douglas District Court; SALLY D. POKORNY, judge. Submitted without oral argument. Opinion filed September 19, 2025. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Jon Simpson*, senior assistant district attorney, *Dakota Loomis*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before GARDNER, P.J., COBLE and BOLTON FLEMING, JJ.

PER CURIAM: Michael W. Wicks appeals a single aspect of his sentence after pleading guilty to, and being convicted of, three counts of sexual exploitation of a child. Wicks argues that the imposition of lifetime postrelease supervision—which is mandated by K.S.A. 22-3717(d)(1)(G)(i) for convictions of sexually violent crimes where the offender is 18 or older—required the court to make a judicial finding that he was over 18 years of age in violation of his constitutional rights. Finding Wicks presents no new argument to distinguish his case from others finding against his position, we decline to review his unpreserved claim and affirm his sentence.

1

FACTUAL AND PROCEDURAL BACKGROUND

The State originally charged Wicks with sexual exploitation of a child, an off-grid felony, and aggravated internet trading in child pornography, a severity level 3 person felony. The complaint noted in the description of each offense that Wicks was at least 18 years old. Wicks eventually negotiated a plea agreement in which he offered to plead no contest to an amended complaint charging three counts of sexual exploitation of a child, severity level 5 person felonies. In exchange, the State would dismiss the original charges and permit Wicks to argue for a lesser penalty at sentencing. Although nothing in the written plea agreement noted Wicks' age, he acknowledged in the written notice of duty to register that his birthdate was in 1970 and in the written plea advisory Wicks reported his age as 52.

At the plea hearing, defense counsel stated that Wicks understood he would be subject to lifetime postrelease supervision as the result of the pleas. The district court also confirmed that Wicks understood the offenses carried with them a period of lifetime supervision. When asked for a factual basis for Wicks' no-contest pleas, the State recited a factual basis that did not allege Wicks' age and did not reference the allegations within the amended complaint. Nevertheless, unlike the original complaint, the amended complaint did not allege Wicks' age to be at least 18 years of age.

After reviewing Wicks' understanding of the rights he was waiving by entering guilty pleas, the court accepted Wicks' no-contest pleas and adjudicated him guilty of three counts of sexual exploitation of a child.

Wicks sought a durational sentencing departure, but, at sentencing, the court rejected the request. The court imposed consecutive terms of imprisonment for the three counts, resulting in a controlling prison term of 123 months and ordered the sentences to run consecutive to any remaining sentence imposed in Jefferson County case No. 2019

CR 149. The court ordered lifetime postrelease supervision, awarded two days of jail time credit, and waived any costs and fees.

Wicks appeals.

ANALYSIS

Wicks raises a single issue in this appeal, challenging the imposition of lifetime postrelease supervision as a violation of his due process rights as interpreted by *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Wicks argues that the district court did not advise him that he had a right to have his age proven to a jury beyond a reasonable doubt, ask him to waive his right to have a jury determine his age beyond a reasonable doubt, or even indicate it was relevant at all.

*Legal Principles*

The question of whether the district court violated a defendant's constitutional rights as described by *Apprendi* presents a question of law subject to unlimited review. *State v. Huey*, 306 Kan. 1005, 1009, 399 P.3d 211 (2017).

The United States Supreme Court's decision in *Apprendi* outlines that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490; see also *State v. Gould*, 271 Kan. 394, 405-06, 23 P.3d 801 (2001) (same). This "statutory maximum" as described in *Apprendi* and the line of cases following is the "maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely v. Wahington*, 542 U.S. 296, 303, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004); see *State v. Bello*, 289 Kan. 191, 199, 211 P.3d 139 (2009).

3

Lifetime postrelease supervision is, both statutorily and as defined by precedent, part of a defendant's sentence. K.S.A. 21-6804(e)(2)(C) ("In presumptive imprisonment cases, the sentencing court shall pronounce the complete sentence which shall include the . . . period of postrelease supervision at the sentencing hearing."); *State v. Mossman*, 294 Kan. 901, 907-08, 281 P.3d 153 (2012). Because lifetime postrelease supervision is part of a criminal defendant's sentence, "judicial fact-finding which increases a term of postrelease supervision beyond the 'statutory maximum' implicates *Apprendi*." *State v. Nunez*, 319 Kan. 351, 355, 554 P.3d 656 (2024) (citing *State v. Case*, 289 Kan. 457, 458, 213 P.3d 429 [2009]; *State v. Anthony*, 273 Kan. 726, 728-29, 45 P.3d 852 [2002]). Our Supreme Court has repeatedly "stated that it is immaterial for *Apprendi* purposes whether the sentence elevating provision is contained within the sentencing statutes or within the elements of the crime itself." *Nunez*, 319 Kan. at 355 (citing *Bello*, 289 Kan. at 199).

The parties agree that Wicks' age was not a required element of his convicted crimes—sexual exploitation of a child under K.S.A. 21-5510—and those crimes are classified as sexually violent under K.S.A. 22-3717(d)(5)(H). Standing alone, sexually violent crimes have a 60-month statutory maximum period of postrelease supervision under K.S.A. 22-3717(d)(1)(G)(ii)—unless there is a factual determination made that the defendant was 18 years or older at the time of the crime, in which case the lifetime postrelease supervision period becomes mandatory under K.S.A. 22-3717(d)(1)(G)(i). *Nunez*, 319 Kan. at 355.

Despite his admissions of his age in at least two court documents, Wicks argues that the finding by the trial court that he was over the age of 18 violates *Apprendi*, because although he waived his right to a jury trial as to the proof of the charged crimes, he did not specifically waive jury trial on the fact of his age.

4

*Preservation*

Wicks concedes that this issue was not presented to the district court and is raised for the first time on appeal. He contends that this court may address the issue for the first time on appeal under an exception to the preservation rule that permits the court to consider a newly asserted theory involving only a question of law arising on proved or admitted facts that is determinative of the case or when consideration of the new theory is necessary to serve the ends of justice or prevent the denial of a fundamental right.

The general rule is that an appellate court does not consider issues raised for the first time on appeal, even those of a constitutional dimension. *State v. Mendez*, 319 Kan. 718, 730, 559 P.3d 792 (2024). An appellant may persuade the court to consider an issue raised for the first time on appeal by arguing the application of one or more judicially recognized exceptions to the preservation rule. 319 Kan. at 730. Although Wicks has argued the applicability of two of these exceptions, appellate review remains prudential. 319 Kan. at 730-31.

Although Wicks points out that the district court mistakenly noted a 24-month supervision period initially during the plea hearing, his trial counsel in the same hearing announced "knowing that he is on lifetime post-release supervision," and the court clarified that the supervision period would be lifetime and directly asked defense counsel and Wicks if they agreed, each answering in the affirmative. During the sentencing hearing, Wicks' counsel stated, "My client is 52 and he was in his 40's when this happened in 2019, 2020" and later acknowledged that Wicks would "be released on a lifetime post-release supervision, and there will be eyes on him for the rest of his life and he will be monitored for the rest of his life." Given the admissions to his age and the opportunities Wicks had to contest the imposition of lifetime postrelease supervision at the plea hearing and at sentencing, this case presents circumstances in which this court is unwilling to exercise discretion in favor of review.

5

As Wicks notes, Kansas appellate courts have frequently considered an *Apprendi* challenge for the first time on appeal. See, e.g., *State v. Campbell*, 307 Kan. 130, 136, 407 P.3d 240 (2017) (considering *Apprendi* challenge for first time on appeal even though controlling precedent existed); *State v. Potts*, 304 Kan. 687, 704-05, 374 P.3d 639 (2016) (same); *Gould*, 271 Kan. at 404-05 (first applying *Apprendi* ruling to upward departures under the Kansas Sentencing Guidelines Act); *State v. Extine*, No. 126,552, 2024 WL 2873496, at *2 (Kan. App. 2024) (unpublished opinion) (considering same *Apprendi* challenge for the first time on appeal and citing cases in support), *rev. denied* 320 Kan 864 (2025). Even so, some appellate courts have refused to exercise discretion to consider an *Apprendi* issue for the first time on appeal when the issue was controlled by existing precedent and the appellant raised no argument to call that precedent into doubt. See *State v. J.L.J.*, 318 Kan. 720, 740-41, 547 P.3d 501 (2024) (declining to consider *Apprendi* issue for the first time on appeal when issue had been previously decided and no argument provided why court should depart from precedent).

A number of similar *Apprendi* challenges have been raised, and rejected, by our appellate courts. See *Nunez*, 319 Kan. at 356 (finding that an *Apprendi* violation could be deemed harmless if the omitted element was uncontested and supported by overwhelming evidence); *State v. Sanders*, 65 Kan. App. 2d 236, 253, 563 P.3d 234 (2025) (citing *Nunez*, finding *Apprendi* error harmless when evidence of defendant's age is presented and undisputed), *rev. denied* 320 Kan. 867 (2025); *State v. Conkling*, 63 Kan. App. 2d 841, 844, 540 P.3d 414 (2023), *cert. denied* 145 S. Ct. 415 (2024) (finding no *Apprendi* violation when defendant admitted age in signed plea agreement and financial affidavit, and reciting several unpublished cases that have rejected defendant's argument); *State v. Duckworth*, No. 126,677, 2024 WL 4579265, at *5-6 (Kan. App. 2024) (unpublished opinion) (assuming *Apprendi* error occurred, it was harmless when defendant did not contest his age, it was easily provable, and he does not contend that his defense was related to his age), *rev. denied* 320 Kan. 864 (2025). When we review the merits of Wicks' arguments compared with the number of *Apprendi* challenges substantively

addressed and soundly rejected by our appellate courts, we find no novel arguments presented in this appeal.

And although some courts have addressed an unpreserved *Apprendi* challenge on appeal, our Supreme Court has often and recently emphasized that Kansas appellate courts generally do not address legal theories raised for the first time on appeal, "even those of constitutional dimension." *Mendez*, 319 Kan. at 730. Even if an exception to this preservation rule applies, we are under no obligation to review the new argument. 319 Kan. at 731.

Again, Wicks presents no innovative spin on his *Apprendi* challenge which would differentiate his case from those that have preceded it. For this reason, we exercise our discretion to decline reconsidering the issue because it was not properly preserved and we affirm his sentence.

Affirmed.