NOT DESIGNATED FOR PUBLICATION

No. 127,668

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

ALEX J. SKIDMORE,
*Appellant.*

MEMORANDUM OPINION

Appeal from Douglas District Court; STACEY DONOVAN, judge. Submitted without oral argument. Opinion filed September 19, 2025. Affirmed in part, vacated in part, and remanded with directions.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Jon Simpson*, senior assistant district attorney, *Dakota Loomis*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and BRUNS, JJ.

PER CURIAM: Alex Skidmore pleaded no contest to aggravated sexual battery and was sentenced to 114 months in prison followed by lifetime postrelease supervision. Skidmore now appeals, challenging his postrelease supervision period and arguing he should receive additional credit toward his sentence for time he spent in jail while his case was pending. We vacate the district court's jail-credit determination and remand for consideration of that issue based on the Kansas Supreme Court's decision in *State v. Hopkins*, 317 Kan. 652, 537 P.3d 845 (2023). We otherwise affirm Skidmore's sentence.

1

FACTUAL AND PROCEDURAL BACKGROUND

In December 2022, the State charged Skidmore with one count of rape and one count of aggravated criminal sodomy of a woman over 16 years old. At that time, Skidmore was incarcerated in Wyandotte County on charges that were later dismissed. The State executed the arrest warrant in this case in February 2023. Later that month, Skidmore was released on bond. After his arrest, documents and acknowledgements by Skidmore confirmed that he was 19 years old at the time of the crime.

In November 2023, Skidmore and the State entered into a plea agreement. Skidmore agreed to plead no contest to an amended charge of aggravated sexual battery, a level 5 person felony. In exchange, the State agreed to dismiss the original charges and two other misdemeanor charges.

The State memorialized this agreement during Skidmore's plea hearing later that month. While the prosecutor drafted the agreement, Skidmore indicated that he understood the agreement and understood that he was waiving his right to a jury trial. The district court advised Skidmore that his postrelease supervision term would be 24 months unless a "special rule" applied. The final text of Skidmore's plea made no mention of his age or what rights he agreed to waive by pleading no contest, nor did the State mention Skidmore's age when providing a factual basis for the plea.

At sentencing, the district court noted that Skidmore's presentence investigation report detailed his criminal history score as B, with a sentencing range of 114 to 128 months, along with lifetime postrelease supervision and offender registration. Although not noted at the hearing, the report indicated that Skidmore was 19 years old.

Skidmore raised two objections at the sentencing hearing, only one of which is relevant to this appeal. He argued that he was entitled to jail credit from the date the State filed its complaint in December until he was released on bond in February based on the Kansas Supreme Court's decision in *Hopkins*. The State agreed generally but argued Skidmore was only entitled to 20 days of jail credit. The State also requested that the district court impose lifetime postrelease supervision.

The district court sentenced Skidmore to 114 months in prison, awarded 20 days of jail credit, and imposed lifetime postrelease supervision. He appeals.

DISCUSSION

Skidmore now challenges two aspects of his sentence. He argues that the district court did not apply the appropriate amount of jail credit against his sentence based on the Kansas Supreme Court's decision in *Hopkins*—a contention with which we agree. He also contends that the district court erred in imposing lifetime postrelease supervision since Skidmore had not stipulated that he was over 18 years old when he committed the offense. But he raises this issue for the first time on appeal. Because he did not raise this issue before the district court and thus give the court an opportunity to correct that omission or create an adequate record for our review, we decline to consider that issue now.

1. *Skidmore is entitled to credit for the time spent in jail while his case was pending.*

We turn first to Skidmore's claim that he should have received an additional 64 days of jail credit against his sentence on top of the 20 days granted by the district court. In Kansas, the right to jail time credit is governed by K.S.A. 21-6615(a):

> "In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of

3

computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. *Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case.*" (Emphasis added.)

Before *Hopkins*, the Kansas Supreme Court had held for 45 years that this statutory language meant that a person would only receive jail credit when they were being held *solely* on the crime charged. See *State v. Smith*, 309 Kan. 977, 981, 441 P.3d 1041 (2019); *Campbell v. State*, 223 Kan. 528, 575 P.2d 524 (1978). But the Supreme Court overruled this caselaw in *Hopkins* and clarified that a defendant must receive credit against their sentence "for all time spent incarcerated while the defendant's case was pending disposition." *Hopkins*, 317 Kan. 652, Syl.

The sentencing hearing in this case occurred only a few months after *Hopkins* was decided, and the district court appears to have based its ruling on the earlier—but abrogated—caselaw. Both parties concede that *Hopkins* controls the outcome here. The State filed charges against Skidmore in this case on December 12, 2022. At that time, he was incarcerated in Wyandotte County and remained incarcerated until he was released on bail 64 days later on February 14, 2023. The State concedes that Skidmore should have received credit against his sentence for these 64 days he spent in jail. We agree.

We thus vacate the district court's jail-credit determination and remand for a hearing so Skidmore may receive the appropriate amount of jail credit under *Hopkins*.

4

2. *We decline to consider Skidmore's challenge to his postrelease supervision period, which he has raised for the first time on appeal.*

Skidmore also argues that the district court erred when it sentenced him to lifetime postrelease supervision because the State had not proved he was at least 18 years old at the time he committed the crime leading to his conviction. He claims that his sentence thus violated *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), which required any fact that extends a defendant's presumptive sentence (other than a previous conviction) to be proved to a jury beyond a reasonable doubt. Skidmore asks us to vacate his postrelease supervision and replace it with a 60-month term—the term for someone under the age of 18 who is convicted of a sexually violent crime.

This argument requires a bit more background. A person's sentence includes any period of postrelease supervision they must complete after their incarceration. *State v. Mossman*, 294 Kan. 901, 907, 281 P.3d 153 (2012). In Kansas, a person convicted of a sexually violent crime is subject to a 60-month postrelease supervision period if they are under 18 years of age or lifetime postrelease supervision if they are 18 years of age or older at the time they commit the offense. K.S.A. 2021 Supp. 22-3717(d)(1)(G)(i)-(ii). Because postrelease supervision is part of a defendant's sentence, judicial fact-finding that increases a term of postrelease supervision implicates *Apprendi* even if the sentence-enhancing element is included within the sentencing provision of the criminal code. See *State v. Bello*, 289 Kan. 191, 199, 211 P.3d 139 (2009).

Skidmore does not dispute that his conviction for aggravated sexual battery is a sexually violent crime that carries a term of lifetime postrelease supervision for adult offenders. Nor does he seek to set aside his plea, when he waived his right to a jury trial and pleaded no contest to a crime carrying a significantly shorter prison sentence than would have been imposed for the crimes for which he had originally been charged—

crimes that also would have carried terms of postrelease supervision. See K.S.A. 21-6627(a)(1)(B), (D); K.S.A. 2021 Supp. 22-3717(d)(1)(G)(i) and (d)(5)(A), (E). Instead, Skidmore argues that his plea to aggravated sexual battery did not waive his constitutional right to have a jury determine his age for purposes of determining the appropriate postrelease supervision period. Skidmore thus claims that the district court's implicit finding that he was over the age of 18 and subject to lifetime postrelease supervision infringed on his constitutional rights in violation of *Apprendi*.

Skidmore acknowledges that he did not raise his *Apprendi* challenge at sentencing or otherwise inform the district court that he was contesting his supervision term. Appellate courts generally do not consider new issues raised for the first time on appeal, including constitutional challenges. See *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). But despite this rule, Skidmore urges us to exercise our discretion to consider his claim, arguing that it involves a determinative question of law on proved or admitted facts and is necessary to serve the ends of justice or prevent a denial of fundamental rights. See *State v. Peters*, 319 Kan. 492, 522, 555 P.3d 1134 (2024).

As Skidmore points out, the Kansas Supreme Court has previously decided to reach some *Apprendi* issues raised for the first time on appeal. See *State v. Conley*, 270 Kan. 18, 30-31, 11 P.3d 1147 (2000). But more recently, our Supreme Court has repeatedly stressed that Kansas appellate courts generally do not address legal theories raised for the first time on appeal, even when those issues allege constitutional violations. *State v. Mendez*, 319 Kan. 718, 730, 559 P.3d 792 (2024). And even if an exception applies, the decision whether to consider a new issue is left to the court's discretion. 319 Kan. at 731. Based on this rationale, our court has recently been reticent to consider arguments based on *Apprendi* that were not raised before the district court.

In *State v. Jelinek*, 66 Kan. App. 2d ___, 2025 WL 2630095 (2025), we declined to review the same issue Skidmore raises here for the first time on appeal. Although the

facts surrounding the defendant's sentencing hearing in that case are slightly different from what occurred in Skidmore's case, our discussion of the need to preserve that argument for appeal by raising it first before the district court is instructive:

> "Appellate courts are designed to review decisions made by the trial courts, not to serve as forums for introducing new arguments or evidence. This principle ensures that trial courts have the first opportunity to address and resolve issues, promotes judicial efficiency, and prevents unfair surprises to the opposing party.
>
> "We elect not to consider Jelinek's newly minted appellate challenge to his sentence. Although we are under no obligation to provide a reason for our finding, the burden to convince us we should hear his new claim is on Jelinek. Yet he presents no explanation regarding his failure to raise this issue before the district court except to acknowledge that he failed to do so. If the failure was due to his attorney's failure to inform him of a constitutional right, he could pursue his claim under K.S.A. 60-1507. If having been advised of this right for a jury determination of his age would have caused him to reject the plea agreement, he could move to withdraw his plea under K.S.A. 22-3210(d)(2). In other words, we find it significant that there are other avenues available to pursue his claimed denial of a constitutional right which would give the district court and the State a full opportunity to address his concerns.
>
> "Finally, *Apprendi* claims related to sentence enhancements have been widely litigated in Kansas. This would not have been a novel claim to make before the trial court. In fact, the exact claim made here by Jelinek has been ruled upon by our appellate courts multiple times. See *State v. Nunez*, 319 Kan. 351, 356, 554 P.3d 656 (2024) (finding that an *Apprendi* violation could be deemed harmless if the omitted element was uncontested and supported by overwhelming evidence); *State v. Sanders*, 65 Kan. App. 2d 236, 253, 563 P.3d 234 (2025) (citing *Nunez*, held that *Apprendi* error harmless when evidence of defendant's age is presented and undisputed); *Conkling*, 63 Kan. App. 2d at 844 (finding no *Apprendi* violation when defendant admitted age in signed plea agreement and financial affidavit, and listing several unpublished cases that have rejected defendant's argument); *State v. Duckworth*, No. 126,677, 2024 WL 4579265, at *5-6 (Kan. App. 2024) (unpublished opinion) (Assuming *Apprendi* error occurred, it was harmless when defendant did not contest his age, it was easily provable, and he does not contend that his defense was related to his age.). Simply allowing any party to raise new

7

issues on appeal with no explanation for their failure to do so before the trial court or their failure to establish the lack of any other available remedy will allow the exceptions to overcome the rule. If exceptions are routinely invoked, the rule becomes meaningless and its goals elusive." *Jelinek*, 2025 WL 2630095, at *4.

We find this reasoning persuasive and adopt it here. If we were to reach Skidmore's unpreserved claim in this appeal, the result would be unfair to the sentencing court and to the State. It would allow Skidmore to waive his right to a jury trial on the charged offenses and obtain a favorable plea, stand silent at sentencing and prevent any opportunity for the district court to inquire whether there was a stipulation as to Skidmore's age or otherwise address the issue, and yet still challenge the resulting term of postrelease supervision on appeal. And it would deprive this court of the opportunity to review the case based on a well-developed record. As in *Jelinek*, we decline to review the *Apprendi* challenge Skidmore raises for the first time on appeal.

We find that Skidmore has not preserved his challenge to the constitutionality of his sentence for appellate review. Thus, while we reverse the district court's jail-credit ruling and remand for consideration under the Kansas Supreme Court's decision in *Hopkins*, we otherwise affirm his sentence.

Affirmed in part, vacated in part, and remanded with directions.

8