NOT DESIGNATED FOR PUBLICATION

No. 127,569

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL KING,
*Appellant*.


MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Submitted without oral argument. Opinion filed September 19, 2025. Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before GARDNER, P.J., COBLE and BOLTON FLEMING, JJ.

PER CURIAM: Michael King appeals a single aspect of his sentence after pleading guilty to, and being convicted of, two counts of aggravated indecent liberties with a child. King contends that the imposition of lifetime postrelease supervision—which is mandated by K.S.A. 22-3717(d)(1)(G)(i) for convictions of sexually violent crimes where the offender is 18 or older—required the court to make a judicial finding that King was over 18 years of age in violation of his constitutional rights. Finding King presents no new argument to distinguish his case from others finding against his position, we decline to review his unpreserved claim and affirm his sentence.

1

FACTUAL AND PROCEDURAL BACKGROUND

The State charged King with 3 counts of aggravated indecent liberties with a child and 3 counts of criminal sodomy, all related to inappropriate sexual conduct with a victim who was over 14 years of age but under 16 years of age. King eventually negotiated a plea agreement in which he would plead guilty to two counts of aggravated indecent liberties with a child in exchange for the State's dismissal of the remaining charges and the State's recommendation for concurrent sentencing. In both the written plea agreement and verbally at the plea hearing, King admitted that he was 30 years old. In the plea hearing, the State also made a point of highlighting the amended complaint that changed the applicable postrelease supervision penalty from 36 months to lifetime. King lodged no objection to the amended complaint. King also verbally acknowledged that he had read and understood the written plea agreement and that he understood the potential penalties associated with the offenses, including lifetime postrelease supervision.

After reviewing King's understanding of the rights he was waiving by entering guilty pleas and obtaining a factual basis for the pleas, the court accepted King's pleas and adjudicated him guilty of two counts of aggravated indecent liberties with a child.

King sought a dispositional departure, but, at sentencing, the court rejected the request, finding no substantial and compelling reasons to depart from the presumptive sentence. In accordance with the plea recommendations, the court ordered King to serve concurrent 59-month prison terms for each conviction and imposed lifetime postrelease supervision.

King appeals.

ANALYSIS

King raises a single issue in his appeal, challenging the imposition of lifetime postrelease supervision as a violation of his due process rights as interpreted by *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). In response, the State presents multiple arguments that this court is both jurisdictionally and procedurally barred from considering the merits of King's appellate argument. Because we find King's argument ultimately unpreserved, we need not rest a decision on the State's remaining arguments regarding a jurisdictional bar or waiver of King's right to appeal.

*Legal Principles*

The question of whether the district court violated a defendant's constitutional rights as described by *Apprendi* presents a question of law subject to unlimited review. *State v. Huey*, 306 Kan. 1005, 1009, 399 P.3d 211 (2017).

The United States Supreme Court's decision in *Apprendi* outlines that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490; see also *State v. Gould*, 271 Kan. 394, 405-06, 23 P.3d 801 (2001) (same). This "'statutory maximum'" as described in *Apprendi* and the line of cases following is the "maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely v. Washington*, 542 U.S. 296, 303, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004); see *State v. Bello*, 289 Kan. 191, 199, 211 P.3d 139 (2009).

Lifetime postrelease supervision is, both statutorily and as defined by precedent, part of a defendant's sentence. K.S.A. 21-6804(e)(2) ("In presumptive imprisonment

3

cases, the sentencing court shall pronounce the complete sentence which shall include the . . . period of postrelease supervision at the sentencing hearing."); *State v. Mossman*, 294 Kan. 901, 907-08, 281 P.3d 153 (2012). Because lifetime postrelease supervision is part of a criminal defendant's sentence, "judicial fact-finding which increases a term of postrelease supervision beyond the 'statutory maximum' implicates *Apprendi*." *State v. Nunez*, 319 Kan. 351, 355, 554 P.3d 656 (2024) (citing *State v. Anthony*, 273 Kan. 726, 728-29, 45 P.3d 852 [2002]; *State v. Case*, 289 Kan. 457, 458, 213 P.3d 429 [2009]). Our Supreme Court has repeatedly "stated that it is immaterial for *Apprendi* purposes whether the sentence elevating provision is contained within the sentencing statutes or within the elements of the crime itself." *Nunez*, 319 Kan. at 355 (citing *Bello*, 289 Kan. at 199).

The parties agree that King's age was not a required element of his convicted crimes—aggravated indecent liberties with a child under K.S.A. 21-5506(b)(1)—and those crimes are classified as sexually violent. The district court imposed lifetime postrelease supervision on King as part of his sentence under the sentencing provisions of K.S.A. 22-3717(d)(1)(G).

King is correct that, standing alone, sexually violent crimes have a 60-month statutory maximum period of postrelease supervision under K.S.A. 22-3717(d)(1)(G)(ii)—unless there is a factual determination made that the defendant was 18 years or older at the time of the crime, in which case the lifetime postrelease supervision period becomes mandatory under K.S.A. 22-3717(d)(1)(G)(i). *Nunez*, 319 Kan. at 355. Despite his admissions of his age, King argues that the finding by the trial court that he was over the age of 18 violates *Apprendi*, because although he waived his right to a jury trial as to the proof of the charged crimes, he did not specifically waive jury trial on the fact of his age.

4

*Preservation*

King concedes that his *Apprendi* challenge was not presented to the district court. Even so, he contends that this court may address the issue for the first time on appeal under an exception to the preservation rule that permits us to consider a newly-asserted theory involving only a question of law arising on proved or admitted facts that is determinative of the case, or when consideration of the new theory is necessary to serve the ends of justice or prevent the denial of a fundamental right. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014); *Pierce v. Board of County Commissioners*, 200 Kan. 74, 80, 434 P.2d 858 (1967).

The general rule is that an appellate court does not consider issues raised for the first time on appeal, even those of a constitutional dimension. *State v. Mendez*, 319 Kan. 718, 730, 559 P.3d 792 (2024). An appellant may persuade the court to consider an issue raised for the first time on appeal by arguing the application of one or more judicially recognized exceptions to the preservation rule. 319 Kan. at 730. Although King has argued the applicability of two of these exceptions, appellate review remains prudential. 319 Kan. at 730-31. Given the myriad of opportunities King had to contest the imposition of lifetime postrelease supervision at the plea hearing and at sentencing, especially considering the large part the supervision term played in the amendment of the charging document, this case presents circumstances in which this court is unwilling to exercise discretion in favor of review.

As King notes, Kansas appellate courts have frequently considered an *Apprendi* challenge for the first time on appeal. See, e.g., *State v. Campbell*, 307 Kan. 130, 136, 407 P.3d 240 (2017) (considering *Apprendi* challenge for first time on appeal even though controlling precedent existed); *State v. Potts*, 304 Kan. 687, 704-05, 374 P.3d 639 (2016) (same); *Gould*, 271 Kan. at 404-05 (first applying *Apprendi* ruling to upward departures under the Kansas Sentencing Guidelines Act); *State v. Extine*, No. 126,552,

5

2024 WL 2873496, at *2 (Kan. App. 2024) (unpublished opinion) (considering same *Apprendi* challenge for the first time on appeal and citing cases in support), *rev. denied* 320 Kan. 862 (2025). Even so, some appellate courts have refused to exercise discretion to consider an *Apprendi* issue for the first time on appeal when the issue was controlled by existing precedent and the appellant raised no argument to call that precedent into doubt. See *State v. J.L.J.*, 318 Kan. 720, 740-41, 547 P.3d 501 (2024) (declining to consider *Apprendi* issue for the first time on appeal when issue had been previously decided and no argument provided why court should depart from precedent).

A number of similar *Apprendi* challenges have been raised, and rejected, by our appellate courts. See *Nunez*, 319 Kan. at 356 (finding that an *Apprendi* violation could be deemed harmless if the omitted element was uncontested and supported by overwhelming evidence); *State v. Sanders*, 65 Kan. App. 2d 236, 253, 563 P.3d 234 (2025) (citing *Nunez*, finding *Apprendi* error harmless when evidence of defendant's age is presented and undisputed); *State v. Conkling*, 63 Kan. App. 2d 841, 844, 540 P.3d 414 (2023) (finding no *Apprendi* violation when defendant admitted age in signed plea agreement and financial affidavit, and reciting several unpublished cases that have rejected defendant's argument), *cert. denied* 145 S. Ct. 415 (2024); *State v. Duckworth*, No. 126,677, 2024 WL 4579265, at *5-6 (Kan. App. 2024) (unpublished opinion) (assuming *Apprendi* error occurred, it was harmless when defendant did not contest his age, it was easily provable, and he does not contend that his defense was related to his age), *rev. denied* 320 Kan. 864 (2025). When we review the merits of King's arguments compared with the number of *Apprendi* challenges substantively addressed and soundly rejected by our appellate courts, we find no novel arguments presented in this appeal.

And although some courts have addressed an unpreserved *Apprendi* challenge on appeal, our Supreme Court has often and recently emphasized that Kansas appellate courts generally do not address legal theories raised for the first time on appeal, "even those of constitutional dimension." *Mendez*, 319 Kan. at 730. Even if an exception to this

preservation rule applies, we are under no obligation to review the new argument. 319 Kan. at 731.

Again, King presents no novel spin on his *Apprendi* challenge differentiating his case from those that have preceded it. For this reason, we exercise our discretion to decline reconsidering the issue because it was not properly preserved and affirm King's sentence.

Affirmed.