No. 127,830

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JORGE PONCE CONTRERAS,
*Appellant*.

SYLLABUS BY THE COURT

Before a sentencing court may rely on a defendant's admission to increase the defendant's sentence, that admission must have been preceded by a knowing and voluntary waiver of the defendant's jury trial right.

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Opinion filed October 3, 2025. Sentence vacated in part and remanded with directions.

*Emily Brandt*, of Kansas Appellate Defender Office, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., MALONE and CLINE, JJ.

MALONE, J.: Jorge Ponce Contreras pleaded no contest to one count of aggravated kidnapping and guilty to two counts of aggravated indecent solicitation of a child. He appeals only his sentence of lifetime postrelease supervision on each count. On the two counts of aggravated indecent solicitation of a child, Contreras claims the district court violated the rule in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by increasing his sentence to lifetime postrelease supervision without

1

a jury finding that he was at least 18 years old when he committed the crimes or without a knowing and voluntary waiver of that right. He also claims the district court exceeded the maximum 36 months' postrelease supervision term on the aggravated kidnapping count because it is not defined by statute as a sexually violent crime. After reviewing the record and for the reasons explained below, we vacate the lifetime postrelease supervision term on each count and remand for the district court to impose a lawful term.

FACTUAL AND PROCEDURAL BACKGROUND

On June 14, 2021, the State charged Contreras with three counts of aggravated indecent liberties with a child for conduct between 2019 and 2021. The parties reached a plea agreement in which Contreras would plead guilty to amended charges of one count of aggravated kidnapping and two counts of aggravated indecent solicitation of a child and the State would recommend that the district court sentence Contreras to the middle number in the sentencing guidelines grid box with concurrent sentences.

Contreras signed a written plea agreement on March 6, 2024, which included this provision: "The defendant acknowledges being 18 years of age or older at the time of the offense(s)." The agreement also stated that Contreras acknowledged that this case required lifetime postrelease supervision under K.S.A. 22-3717(d)(1)(G) and (d)(5). On the same day, Contreras signed a form titled "Defendant's Acknowledgment of Rights and Entry of Plea." The form stipulated that Contreras was 36 years old. In covering the sentencing range, the form stated that the aggravated kidnapping count would include lifetime postrelease supervision but the two counts of aggravated indecent solicitation of a child would include "24 months" postrelease supervision. The written plea agreement and the acknowledgment of rights form were later filed with the court on April 5, 2024.

The district court held a plea hearing on March 29, 2024. Contreras is from Mexico and appeared with an interpreter. Contreras confirmed that he had signed the plea

2

agreement and acknowledgment of rights form. The district court asked Contreras his age, and he responded that he was 36 years old. The court walked Contreras through the charges and the possible sentences. The court told Contreras that the aggravated kidnapping count included lifetime postrelease supervision but the aggravated indecent solicitation counts included "24 months of post-release supervision."

The district court then turned to the rights Contreras was waiving by pleading guilty including his jury trial right. The district court's entire explanation of Contreras' right to a jury trial was the following:  "You have the right to a speedy trial before a judge or a jury. You get to choose whether you have a judge trial or a jury trial." The district court asked Contreras if he understood those rights and he responded, "Yes."

It was decided at the hearing that Contreras would plead no contest to aggravated kidnapping and guilty to the other two counts. In stating a factual basis for the two counts of aggravated indecent solicitation of a child, Contreras admitted that the victim was under the age of 14, but there was no discussion or admission that Contreras was at least 18 years old when he committed the crimes. The district court accepted the pleas.

The district court held a sentencing hearing on May 10, 2024. The court sentenced Contreras to 155 months' imprisonment on the aggravated kidnapping count to run concurrent with 32 months' imprisonment for each count of aggravated indecent solicitation of a child. The district court pronounced from the bench that Contreras would be subject to lifetime postrelease supervision for the aggravated kidnapping count but did not state any postrelease supervision term for the other two counts. The journal entry of judgment included three checked boxes indicating lifetime postrelease supervision had been imposed on all three counts. Contreras was allowed to appeal out of time.

3

ANALYSIS

Contreras challenges the lifetime postrelease supervision term for each of his convictions. On the two counts of aggravated indecent solicitation of a child, Contreras claims the district court violated the rule in *Apprendi* by increasing his sentence to lifetime postrelease supervision without a jury finding that he was at least 18 years old when he committed the crimes or without a knowing and voluntary waiver of that right. He asserts that his postrelease supervision term should be 60 months for each count of aggravated indecent solicitation of a child. Contreras also claims the district court exceeded the maximum 36 months' postrelease supervision term on the aggravated kidnapping count because it is not defined by statute as a sexually violent crime.

The State concedes that because aggravated kidnapping is not defined by statute as a sexually violent crime, Contreras' postrelease supervision term for that count should be 36 months. But the State argues that the district court did not err by imposing lifetime postrelease supervision on the two counts of aggravated indecent solicitation of a child, mainly because Contreras admitted his age in the plea agreement and the plea hearing.

Contreras acknowledges that he is bringing his claims for the first time on appeal. He asks us to address his claims because (1) the claims present a purely legal question arising on undisputed facts that are finally determinative of the case or (2) it is necessary to review the claims to prevent a denial of fundamental rights. See *State v. Gonzalez*, 311 Kan. 281, 295, 460 P.3d 348 (2020). The State does not address preservation. We agree with Contreras that his asserted preservation exceptions apply.

But the main reason we choose to address his sentencing claims for the first time on appeal is because the case Contreras relies on for relief, *State v. Nunez*, 319 Kan. 351, 354, 554 P.3d 656 (2024), was decided after Contreras' sentencing and while this appeal was pending. In a recent opinion, another panel of our court relied, in part, on the fact

that the appellant was basing his argument on a decision issued while the appeal was pending as a reason for addressing an unpreserved claim for the first time on appeal. *State v. Watie*, 66 Kan. App. 2d ___, 2025 WL 2737980, at *2 (2025) ("We also find it significant that the *Ervin* [*State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025)] decision—which interprets the Kansas statute governing jail credit—was issued by the Kansas Supreme Court during the pendency of this case, so Watie would not have been able to raise an objection based on that decision while this case was before the district court.").

As we will discuss below, the *Nunez* decision modifies Kansas law and substantially impacts the validity of many prior opinions from our court on whether a defendant's age admission cures an *Apprendi* violation when the district court imposes lifetime postrelease supervision on a conviction for a sexually violent crime. We do not perceive that Contreras intentionally has engaged in procedural postering by taking advantage of plea negotiations and then springing this issue for the first time on appeal. The holding in *Nunez* applies to Contreras' nonfinal sentence on direct appeal, and we deem it an unjustifiably harsh result to tell Contreras that we will not address his *Apprendi* claim—supported by a case decided after he was sentenced—because he failed to raise it below, especially when the State does not object to lack of preservation.

Finally, Contreras had little opportunity to object in district court to his lifetime postrelease supervision term for his convictions of aggravated indecent solicitation of a child because the district court did not pronounce any term from the bench at sentencing. Contreras had every reason to believe he would receive 24 months' postrelease supervision for these convictions because that is what his acknowledgment of rights and entry of plea form advised and that is the term the judge told him he would receive at the plea hearing. There was no record that Contreras received lifetime postrelease supervision for these convictions until the journal entry of judgment was later filed. For these reasons, we will address Contreras' claims for the first time on appeal.

5

*Aggravated indecent solicitation of a child*

*Apprendi* holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Kansas Supreme Court has held that because postrelease supervision is considered part of the defendant's sentence, judicial fact-finding that increases the term of postrelease supervision beyond the statutory maximum implicates *Apprendi*. *State v. Anthony*, 273 Kan. 726, 728-29, 45 P.3d 852 (2002). And our Supreme Court has also stated that it is immaterial for *Apprendi* purposes whether the sentence elevating provision is contained within the sentencing statutes or within the elements of the crime itself. *State v. Bello*, 289 Kan. 191, 198-99, 211 P.3d 139 (2009). The parties agree that the application of the rule in *Apprendi* presents a question of law over which an appellate court has unlimited review. *State v. Conkling*, 63 Kan. App. 2d 841, 843, 540 P.3d 414 (2023).

Under K.S.A. 2018 Supp. 22-3717(d)(1)(G)(i), the district court must impose lifetime postrelease supervision when the defendant is convicted of a sexually violent crime and was at least 18 years old when the crime was committed. When the defendant was under 18 years old when the crime was committed, the postrelease supervision term is 60 months. K.S.A. 2018 Supp. 22-3717(d)(1)(G)(ii). Aggravated indecent solicitation of a child is a sexually violent crime. K.S.A. 2018 Supp. 22-3717(d)(5)(G). Contreras claims the district court violated the rule in *Apprendi* by increasing his sentence to lifetime postrelease supervision without a jury finding that he was at least 18 years old when he committed the crimes or without a knowing and voluntary waiver of that right.

The rule in *Apprendi* does not apply to statutory elements the defendant admits. *Blakely v. Washington*, 542 U.S. 296, 303, 124 S. Ct. 2531, 159 L. Ed 2d 403 (2004). This court has held in many cases that the district court did not err in imposing lifetime postrelease supervision when the defendant is convicted of a sexually violent crime and

6

the defendant admits his age in documents filed with the court or at a plea hearing, but these opinions do not discuss and fail to clarify whether the defendant's age admissions must follow a knowing and voluntary jury trial waiver.

For instance, in *Conkling*, 63 Kan. App. 2d at 844, this court held there was no *Apprendi* violation and the district court did not err in imposing lifetime postrelease supervision for the defendant's convictions of rape and aggravated indecent solicitation of a child, even without a jury finding on the defendant's age, because the defendant admitted he was over 18 years old when he committed the crimes in his application for court-appointed counsel and later in the written plea agreement and at the plea hearing. But the *Conkling* opinion does not discuss and fails to clarify whether the defendant's admissions were preceded by a knowing and voluntary waiver by the defendant of his right to a jury trial. See *State v. Entsminger*, No. 124,800, 2023 WL 2467058, at *6-8 (Kan. App. 2023) (unpublished opinion); *State v. Walker*, No. 125,554, 2023 WL 7983816, at *3-5 (Kan. App. 2023) (unpublished opinion); *State v. Reinert*, No. 123,341, 2022 WL 1051976, at *3 (Kan. App. 2022) (unpublished opinion); *State v. Kewish*, No. 121,793, 2021 WL 4352531, at *3-4 (Kan. App. 2021) (unpublished opinion); *State v. Haynes*, No. 120,533, 2020 WL 741458, at *2-3 (Kan. App. 2020) (unpublished opinion); *State v. Schmeal*, No. 121,221, 2020 WL 3885631, at *8-9 (Kan. App. 2020) (unpublished opinion); *State v. Zapata*, No. 120,529, 2020 WL 741486, at *8-9 (Kan. App. 2020) (unpublished opinion); *State v. Cook*, No. 119,715, 2019 WL 3756188, at *1-3 (Kan. App. 2019) (unpublished opinion).

The State argues that the district court did not engage in judicial fact-finding in violation of *Apprendi* because Contreras admitted his age and waived a jury trial on the matter. The State points out that Contreras acknowledged he was 36 years old in the written plea agreement and acknowledgment of rights form. Contreras also stated near the beginning of his plea hearing that he was 36 years old.

This brings us to *Nunez*. Nunez was convicted by a jury of rape and was sentenced to 155 months' imprisonment with lifetime postrelease supervision. He claimed on appeal that his jury trial rights under *Apprendi* were violated because his age was not a fact found by the jury. 319 Kan. at 352. The lower court had relied on Nunez' age admission in a financial affidavit for court appointed counsel, his age admission in a presentencing departure motion, and his failure to object to his age in the presentence investigation report to uphold the lifetime postrelease supervision term. 319 Kan. at 353.

Our Supreme Court determined that the application of K.S.A. 22-3717(d)(1)(G)(i) requires a factual finding that the defendant was at least 18 years old when the sexually violent crime was committed. 319 Kan. at 355. The court recognized that admissions by the defendant may be relied upon as facts considered by a sentencing court. But the court clarified that "before a sentencing court may rely on a defense admission to increase the defendant's sentence, that admission must have been *preceded* by a knowing and voluntary waiver of the defendant's jury trial right." (Emphasis added.) 319 Kan. at 354. The court added that "[i]f the jury trial right was not properly waived *with respect to any defense admission*, that admission may not be considered by a sentencing court without running afoul of *Apprendi*." (Emphasis added.) 319 Kan. at 354.

The *Nunez* opinion curiously cites some prior Kansas cases that "explicitly or implicitly follow this rule by relying on admissions following jury trial waivers, such as those found in guilty pleas." 319 Kan. at 354. But an examination of the facts in those cases reveals that the defendants' admissions did not always follow jury trial waivers. The holding in *Nunez*—that before a sentencing court can rely on a defendant's admission to increase the defendant's sentence, that admission must have been preceded by a knowing and voluntary waiver of the defendant's jury trial right—modifies prior law in Kansas.

The *Nunez* court ultimately found that because Nunez did not waive his jury trial rights with respect to the question of his age, "it was error for the sentencing court to rely

8

on Nunez' admissions to sentence him to lifetime postrelease supervision under K.S.A. 22-3717(d)(1)(G)(i)." 319 Kan. at 355. The court also found that because the trial record contained no evidence from which the jury could reasonably have inferred that Nunez was at least 18 years old when he committed the crime, "we are not convinced that the *Apprendi* error was harmless." 319 Kan. at 356.

The holding in *Nunez* teaches us this:  Before a district court sentences a defendant to lifetime postrelease supervision for the conviction of a sexually violent crime, it should obtain a jury finding that the defendant was at least 18 years old when they committed the crime or, in the case of a plea, it should obtain a knowing and voluntary jury trial waiver that includes informing the defendant they are waiving the right to a jury finding on their age. Then, in obtaining a factual basis for the plea, the district court should ask the defendant to admit or agree to the elements of the crime and the fact they were at least 18 years old when the crime was committed. If the district court follows this procedure, it can impose lifetime postrelease supervision without running afoul of *Apprendi*.

Returning to our facts, Contreras signed the written plea agreement and the acknowledgment of rights form on March 6, 2024, about three weeks before his plea hearing and jury trial waiver on March 29, 2024, so any age admissions by Contreras in those documents were not preceded by a knowing and voluntary jury trial waiver. And even though these documents were not filed with the court until April 5, 2024, the date Contreras signed the documents on March 6, 2024, controls whether his admissions were preceded by a knowing and voluntary jury trial waiver. Contreras' age admission near the beginning of the plea hearing was also before he waived his right to a jury trial.

Even when the district court received Contreras' jury trial waiver, it cannot be described as a knowing waiver because the court never explained to Contreras that he was waiving a jury finding as to his age. *Nunez* explicitly states that defendants must waive their jury trial right "with respect to any defense admission" to avoid running afoul

9

of *Apprendi*. 319 Kan. at 354. Here, the district court only stated: "You have the right to a speedy trial before a judge or a jury. You get to choose whether you have a judge trial or a jury trial." And to complicate matters, the district court incorrectly told Contreras the aggravated indecent solicitation counts included 24 months' postrelease supervision.

Later in the plea hearing, the prosecutor asked the district court to find that Contreras acknowledged that he was 18 or older at the time of the offenses, but the court ignored that request and made no such explicit finding. The district court obtained a factual basis for the two counts of aggravated indecent solicitation of a child. Contreras admitted that the victim was under the age of 14, but there was no discussion or admission that Contreras was at least 18 years old when he committed the crimes. The district court did not pronounce at sentencing a postrelease supervision term for the two counts of aggravated indecent solicitation of a child, but the journal entry of judgment imposed lifetime postrelease supervision for these convictions.

Based on our record, we find the district court violated the rule in *Apprendi* by imposing lifetime postrelease supervision on the two counts of aggravated indecent solicitation of a child without a jury finding that Contreras was at least 18 years old when he committed the crimes or without a valid waiver of that right. Any admissions by Contreras to his age in district court were not preceded by a knowing and voluntary waiver of his right to a jury trial, as required in *Nunez*. Any older opinions from our court with these facts that reach a different result are no longer good law.

An *Apprendi* violation sometimes can be harmless error, for example, when the defendant's case proceeds to a jury trial and evidence of the defendant's age at trial was uncontested and overwhelming. See *Nunez*, 319 Kan. at 356; *State v. Reyna*, 290 Kan. 666, 682, 234 P.3d 761 (2010), *overruled on other grounds by State v. Dunn*, 304 Kan. 773, 375 P.3d 332 (2016). But Contreras pled guilty and did not have a jury trial. Citing *State v. Bentley*, 317 Kan. 222, 234, 526 P.3d 1060 (2023), the State argues the

appropriate harmless error test requires asking whether there is some reasonable possibility the failure to inform Contreras of his right to a jury trial led to his decision to admit his age. The issue in *Bentley* was whether a jury trial waiver is required before a defendant stipulates to an element of a crime such as criminal possession of a weapon by a convicted felon, and if so, whether any error can be harmless. 317 Kan. at 229-36. This harmless error test would not apply here, where Contreras received lifetime postrelease supervision for his convictions of sexually violent crimes without any admissions to his age preceded by a knowing and voluntary jury trial waiver. And even if it did, we find the State has failed to meet its burden of showing the error here was harmless beyond a reasonable doubt. See *State v. Ward*, 292 Kan. 541, 568-69, 256 P.3d 801 (2011) (the party benefitting from the error bears the burden of proving harmlessness). We vacate the lifetime postrelease supervision term for Contreras' convictions of aggravated indecent solicitation of a child and remand for the district court to impose a 60-month term.

Before ending our analysis on the aggravated indecent solicitation of a child convictions, we recognize that the State's brief offers an alternative argument as to why Contreras is subject to lifetime postrelease supervision for these convictions. Before 2017, K.S.A. 22-3717(d)(1)(G) imposed lifetime postrelease supervision on all persons convicted of sexually violent crimes. The only reason the Kansas Legislature amended K.S.A. 22-3717(d)(1)(G) in 2017 was in response to the ruling in *State v. Dull*, 302 Kan. 32, Syl. ¶ 7, 351 P.3d 641 (2015), finding lifetime postrelease supervision categorically unconstitutional when imposed on a juvenile offender convicted of a sexually violent crime. To reflect the holding in *Dull*, the Legislature distinguished between K.S.A. 2017 Supp. 22-3717(d)(1)(G)(i) imposing lifetime postrelease supervision for defendants who are at least 18 years old when the sexually violent crime was committed and subsection (d)(1)(G)(ii) imposing 60 months' postrelease supervision for defendants who are under 18 years old when the crime was committed. The State argues that the district court does not engage in judicial fact-finding as to the defendant's age when imposing a postrelease supervision term because the court only sentences defendants who commit crimes when

11

they are 18 or older, and the court does not even have jurisdiction to sentence a juvenile offender unless the juvenile has been referred for adult prosecution. There is nothing in our record reflecting that Contreras is a juvenile referred for adult prosecution.

The State's argument is pragmatic. Here, the district court made no explicit finding that Contreras was at least 18 years old when he committed the sexually violent crimes. The district court sentenced Contreras to lifetime postrelease supervision merely because all defendants who appear in district court are 18 or older when they commit their crimes unless the defendant was referred from juvenile court for adult prosecution. But common-sense arguments do not always carry the day when it comes to applying the rule in *Apprendi*. The State acknowledges that in *Nunez*, 319 Kan. at 355, the Kansas Supreme Court determined that the application of K.S.A. 22-3717(d)(1)(G)(i) requires a factual finding that the defendant was at least 18 years old at the time of the crime, and that the Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128 (2015). The State's brief indicates it included this alternative argument "to preserve it for any further appeal." We acknowledge it as such.

*Aggravated kidnapping*

Contreras also claims the district court erred in imposing lifetime postrelease supervision for the aggravated kidnapping conviction because aggravated kidnapping is not a sexually violent crime for which the district court was statutorily authorized to impose lifetime postrelease supervision. The State concedes this issue.

To the extent this issue involves statutory interpretation, an appellate court has unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). If Contreras is correct, the postrelease supervision portion of his sentence for aggravated kidnapping

12

would be illegal. Whether the district court imposed an illegal sentence is also subject to unlimited review. 319 Kan. at 342.

The State charged Contreras with aggravated kidnapping under K.S.A. 21-5408(b). Under K.S.A. 2018 Supp. 22-3717(d)(1)(G)(i), the district court must impose lifetime postrelease supervision when the defendant committed a sexually violent offense and was over 18 years old at the time. Sexually violent crimes are enumerated in K.S.A. 2018 Supp. 22-3717(d)(5)(A)-(O). That statute does not list aggravated kidnapping as a sexually violent crime. Instead, K.S.A. 2018 Supp. 22-3717(d)(1)(A) provides a postrelease supervision term of 36 months for aggravated kidnapping, which is a severity level 1 felony under K.S.A. 21-5408(c)(2).

Under K.S.A. 2018 Supp. 22-3717(d)(1)(D)(i), the district court may increase the postrelease supervision term to no more than 60 months with a finding that the crime was sexually motivated. The parties agree the district court made no such finding. We vacate Contreras' lifetime postrelease supervision term for his aggravated kidnapping conviction and remand for the district court to impose a 36-month term.

Sentence vacated in part and remanded with directions.

***

WARNER, C.J., concurring in part and dissenting in part: I join my colleagues, and the parties in this case, in the conclusion that the district court erred in imposing lifetime postrelease supervision for Jorge Contreras' aggravated kidnapping conviction. As the majority opinion notes, Kansas law required that conviction to carry 36 months of postrelease supervision. K.S.A. 2018 Supp. 22-3717(d)(1)(A); K.S.A. 21-5408(c)(2). The decision to impose a longer period of supervision was a legal error in that the term imposed did not conform to that governing statutory provision and thus amounted to an

13

illegal sentence. See *State v. Ballard*, 289 Kan. 1000, 1012, 218 P.3d 432 (2009). This type of error is one Kansas law allows a person to raise at any time, including for the first time on appeal. K.S.A. 22-3504(a).

I depart from the majority opinion, however, on whether we should take up Contreras' other argument, also raised for the first time on appeal: whether the district court violated the principles in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when it imposed lifetime postrelease supervision for Contreras' convictions of aggravated indecent solicitation of a child. Kansas courts have routinely found that *Apprendi* claims do not allege a sentence is illegal and thus are subject to our preservation rules. *State v. Hayes*, 312 Kan. 865, 868, 481 P.3d 1205 (2021). In other words, there is a presumption that these claims must be raised before the district court and thus preserved for appellate review. As a different panel of this court recently explained in *State v. Jelinek*, 66 Kan. App. 2d __, 2025 WL 2630095, at *4 (2025), this preservation requirement "ensures that trial courts have the first opportunity to resolve issues, promotes judicial efficiency, and prevents unfair surprises to the opposing party."

While there are certainly exceptions to this rule, in my view their application is not warranted here. The rule in *Apprendi* is now 25 years old and well-enshrined in the legal landscape. The fact that the Kansas Supreme Court altered the harmlessness analysis under *Apprendi* for the appropriate length of postrelease supervision periods in *State v. Nunez*, 319 Kan. 351, 554 P.3d 656 (2024), does not change the fact that defendants have been long aware of the need to alert a district court to a perceived *Apprendi* violation to ensure review of that issue on appeal.

As the majority opinion notes, Contreras admitted in the plea agreement and at his plea hearing that he was 36 years old. Reaching Contreras' claim for the first time on appeal is unfair to the sentencing court and to the State. It effectively allows Contreras to

14

waive his right to a jury trial on the charged offenses and obtain a favorable plea, stand silent at sentencing and prevent any opportunity for the district court to inquire whether there was a stipulation as to Contreras' age or otherwise address the issue, and then challenge the resulting term of postrelease supervision on appeal—without allowing any opportunity for a record to be made from which we could determine whether that error was reversible.

As in *Jelinek*, I would decline to review Contreras' *Apprendi* challenge for the first time on appeal. I respectfully dissent from that portion of the majority opinion that reaches a contrary conclusion.