IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 125,141

STATE OF KANSAS,
*Appellee*,

v.

WILLIAMS NUNEZ,
*Appellant.*

SYLLABUS BY THE COURT

1.

Under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), a defendant's constitutional jury trial rights guaranteed by the Sixth Amendment to the United States Constitution are violated by judicial fact-finding (that is, facts found by a judge rather than a jury) which increases the penalty for a crime beyond what is authorized by the facts reflected in the jury's verdict. When a defendant has made a knowing and voluntary waiver of the jury trial right, admissions by the defendant may be relied upon as facts by a sentencing court.

2.

In evaluating whether an *Apprendi* error is harmless, a court reviews the evidence to determine whether a judicially found fact is supported beyond a reasonable doubt and was uncontested, such that the jury would have found the fact had it been asked to do so.

Review of the judgment of the Court of Appeals in an unpublished opinion filed September 22, 2023. Appeal from Lyon District Court; JEFFRY J. LARSON, judge. Oral argument held May 8, 2024. Opinion filed August 30, 2024. Judgment of the Court of Appeals affirming the district court is reversed

on the issue subject to review. Judgment of the district court is vacated on the issue subject to review, and the case is remanded with directions.

*Jacob Nowak*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Amy L. Aranda*, assistant county attorney, argued the cause, and *Marc Goodman*, county attorney, and *Kris W. Kobach*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.:  Williams Nunez was charged with rape under K.S.A. 2020 Supp. 21-5503(a)(2) for knowingly engaging in sexual intercourse with a person who is unable to consent due to intoxication. Rape under this subsection is a severity level 1 person felony and a sexually violent crime. K.S.A. 21-5503(b)(1)(A); K.S.A. 22-3717(d)(5)(A). At trial, Nunez admitted to having sex with the victim, but claimed the victim was not so intoxicated that she was unable to consent. *State v. Nunez*, No. 125,141, 2023 WL 6172190, at *1 (Kan. App. 2023) (unpublished opinion).

A jury convicted Nunez after a two-day trial. The district court sentenced Nunez to 155 months in prison with lifetime postrelease supervision under K.S.A. 22-3717(d)(1)(G)(i) (mandating lifetime postrelease supervision for sexually violent crimes when the offender was 18 years or older). Nunez appealed on multiple grounds, including a claim that when the district court sentenced him to lifetime postrelease supervision, his jury trial rights under *Apprendi* were violated because his age was not a fact found by the jury. *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) (facts which "increase[] the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt").

After considering all his appellate claims—including his *Apprendi* argument—the panel affirmed Nunez' conviction and sentence. 2023 WL 6172190, at \*16. Nunez then petitioned this court for review. We granted Nunez' petition in part, granting review solely to determine whether Nunez' rights under *Apprendi* were violated when the district court failed to submit the question of his age to the jury before sentencing Nunez to lifetime postrelease supervision. The jury instructions do not include a finding of age, and Nunez never testified to or contested his age before the district court. Nunez alleges that the use of his age to enhance his sentence amounts to judicial fact-finding, and therefore violates the guarantee of *Apprendi* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Facts "admitted" by a defendant, however, may be relied upon by a sentencing court to increase the sentence. *Blakely v. Washington*, 542 U.S. 296, 303, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) ("[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*").

Thus, the question on appeal is whether Nunez' age was ever properly "admitted" such that the sentencing court could have relied on that fact during sentencing without running afoul of *Apprendi*. The lower court found that Nunez had sufficiently "admitted" his age, reasoning that he had listed his age as 32 and his date of birth as 1988 on a financial affidavit for court-appointed counsel. The court also relied on the fact that Nunez filed a presentencing departure motion indicating that he was born in 1988 and that he did not object to the State's presentence investigation report stating Nunez was 32. Additionally, the State pointed out that Nunez clearly stated his age during his sentencing hearing. *Nunez*, 2023 WL 6172190, at \*16. Based on this record, the panel concluded Nunez' jury trial rights as set forth in *Apprendi* had not been violated, and alternatively, that any *Apprendi* violation was harmless.

DISCUSSION

"'Whether a defendant's constitutional rights as described under *Apprendi* were violated by a district court at sentencing raises a question of law subject to unlimited review.'" *State v. Huey*, 306 Kan. 1005, 1009, 399 P.3d 211 (2017). To the extent that the resolution of Nunez' claims involves statutory interpretation, those questions present a question of law over which appellate courts likewise have unlimited review. *State v. Betts*, 316 Kan. 191, 197, 514 P.3d 341 (2022).

As mentioned above, *Apprendi* provides that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490; see also *State v. Gould*, 271 Kan. 394, 405-06, 23 P.3d 801 (2001) (same). And "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, 542 U.S. at 303; see also *State v. Bello*, 289 Kan. 191, 199, 211 P.3d 139 (2009) (same). Therefore, a defendant's constitutional jury trial rights guaranteed by the Sixth Amendment to the United States Constitution are violated by judicial fact-finding (that is, facts found by a judge rather than a jury) which increases the penalty for a crime beyond what is authorized by the facts reflected in the jury's verdict.

But what about facts admitted to by the defendant? Here we hold that before a sentencing court may rely on a defense admission to increase the defendant's sentence, that admission must have been preceded by a knowing and voluntary waiver of the defendant's jury trial right. This must be so given that *Apprendi* is all about preserving and protecting a defendant's jury trial right under the Sixth Amendment. If the jury trial right was not properly waived with respect to any defense admission, that admission may not be considered by a sentencing court without running afoul of *Apprendi*.

4

Many cases within our own state explicitly or implicitly follow this rule by relying on admissions following jury trial waivers, such as those found in guilty pleas. See *State v. Walker*, 275 Kan. 46, 51, 60 P.3d 937 (2003) ("A plea of guilty to a statutorily defined sexually violent crime provides the basis for an extended postrelease supervision period."); *State v. Case*, 289 Kan. 457, 467-68, 213 P.3d 429 (2009) (stipulation to a factual basis within an *Alford* plea did not constitute an admission under *Apprendi*); *State v. Allen*, 283 Kan. 372, 377, 153 P.3d 488 (2007) (a no contest plea in a prior case did not function as an admission and could not be used to increase the defendant's sentence); *State v. Entsminger*, No. 124,800, 2023 WL 2467058, at *6-8 (Kan. App. 2023) (unpublished opinion) (guilty plea included defendant's age); *State v. Walker*, No. 125,554, 2023 WL 7983816, at *3-5 (Kan. App. 2023) (unpublished opinion) (guilty plea included age); *State v. Cook*, No. 119,715, 2019 WL 3756188, at *2 (Kan. App. 2019) (unpublished opinion) (guilty plea included defendant's age). Other jurisdictions have come to similar conclusions. See *United States v. Guerrero-Jasso*, 752 F.3d 1186, 1192 (9th Cir. 2014) ("We treat defendant admissions as analogous to jury findings beyond a reasonable doubt for *Apprendi* purposes only when those admissions are made with knowledge of the penal consequences that attend those admissions."); *State v. Dettman*, 719 N.W.2d 644, 652 (Minn. 2006) ("[A] defendant's admission of a fact supporting an upward sentencing departure [must] be accompanied by a knowing waiver of his right to a jury finding on that fact before the admission may be used to enhance his sentence.").

Here, there is no question that the jury found facts sufficient to convict Nunez of rape, resulting in his prison sentence of 155 months. But in this case, the defendant's age was not a necessary element of the charged crime and so the jury never considered or found Nunez' age. Postrelease supervision is undeniably a part of the defendant's sentence and is considered punitive. *State v. Mossman,* 294 Kan. 901, 907-08, 281 P.3d 153 (2012). Because postrelease supervision is considered part of the defendant's sentence, judicial fact-finding which increases a term of postrelease supervision beyond the

5

"statutory maximum" implicates *Apprendi*. *State v. Anthony,* 273 Kan. 726, 728-29, 45 P.3d 852 (2002); *Case,* 289 Kan. at 458. We have stated that it is immaterial for *Apprendi* purposes whether the sentence elevating provision is contained within the sentencing statutes or within the elements of the crime itself. *Bello,* 289 Kan. at 199 ("[M]erely because a state legislature places a sentence enhancing factor within the sentencing provisions of the criminal code does not mean that the factor is not an essential element of the offense.").

Nunez received, as part of his sentence, lifetime postrelease supervision under K.S.A. 22-3717(d)(1)(G)(i). But for that subsection to apply, there must be a factual determination made that the defendant was 18 years or older at the time of the crime. No evidence of Nunez' age was presented during trial, and the jury did not make a finding regarding Nunez' age. *Nunez*, 2023 WL 6172190, at *14. So, the three questions on appeal are: (1) did Nunez admit his age after a knowing and voluntary jury trial waiver; (2) if not, was the *Apprendi* error harmless; and (3) if the error was not harmless, what is the appropriate remedy.

On this record, there is no plausible argument that Nunez waived his jury trial rights with respect to the question of his age. Nunez did not enter any plea agreement, he did not waive his jury trial rights, and he did not stipulate or state his age in open court. Nowhere in the transcripts from his jury trial does any person state or dispute Nunez' age, it is simply never mentioned. As such, it was error for the sentencing court to rely on Nunez' admissions to sentence him to lifetime postrelease supervision under K.S.A. 22-3717(d)(1)(G)(i).

We next must ask whether this error was harmless. An *Apprendi* error is harmless if the reviewing court is convinced beyond a reasonable doubt the jury verdict would have been the same absent the error with regard to the omitted element, and that the omitted element was also uncontested and supported by overwhelming evidence. *State v.*

6

*Brown*, 298 Kan. 1040, 1049, 318 P.3d 1005 (2014) (errors are harmless if the record contains no evidence which "'could rationally lead to a contrary finding with respect to the element that the defendant was over the age of 18 at the time of the crime'" [quoting *State v. Reyna*, 290 Kan. 666, 682, 234 P.3d 761 (2010)]); see *State v. Carr*, 314 Kan. 615, Syl. ¶ 25, 502 P.3d 546 (2022).

During Nunez' trial, the jury was given no direct evidence of Nunez' age. Juries are permitted to make reasonable inferences from the evidence presented at trial. "'If an inference is a reasonable one, the jury has the right to make the inference.'" *State v. McBroom*, 299 Kan. 731, 754, 325 P.3d 1174 (2014). The trial record contains no evidence from which a jury could reasonably have drawn an inference that Nunez was 18 years of age or older at the time of the crime. Moreover, the State did not adequately brief the issue of harmlessness. *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021) (issues not adequately briefed are deemed waived or abandoned). And so, after a review of the entire record, we are not convinced that the *Apprendi* error was harmless.

Given this, we must remand for resentencing. But one final question remains on remand. Nunez argues that he should be sentenced to 36 months' postrelease supervision under K.S.A. 22-3717(d)(1)(A), as that is the section which applies to severity level 1, person felonies. But by its plain language, K.S.A. 22-3717(d)(1)(A) is unavailable to set Nunez' postrelease supervision term because it excludes defendants convicted of "sexually violent crimes." Nunez was convicted of a "sexually violent crime" and such defendants receive their term of postrelease supervision under subsection (G). Subsection (G) further divides defendants convicted of sexually violent crimes into those who were 18 years of age or older at the time of the crime and those who were younger than 18 at the time of the crime.

We know Nunez cannot receive a lifetime postrelease supervision term under K.S.A. 22-3717(d)(1)(G)(i) because a jury did not determine that he was 18 years of age or older at the time of the crime. Which, by a process of elimination, leaves K.S.A. 22-3717(d)(1)(G)(ii)—mandating a 60-month term for defendants who were under the age of 18 at the time they committed a sexually violent crime—as the only available subsection in our statutes to set the term of Nunez' postrelease supervision.

Nunez, of course, suggests he also cannot be sentenced under K.S.A. 22-3717(d)(1)(G)(ii) because a jury has not found that he was younger than 18 at the time of the crime. But this ignores the fact that K.S.A. 22-3717(d)(1)(G)(ii) sets the prescribed statutory maximum term of postrelease supervision for anyone convicted of the crime Nunez was charged with. That is, a sexually violent crime governed by subsection (G) but one for which no age determination is required as an element of the crime. Because such a defendant must have had *some* age at the time of the crime, the statutory scheme fixes the term of postrelease supervision at 60 months absent a special jury finding (or a valid admission after a jury trial waiver) of the defendant's age. There is no *Apprendi* violation for such a sentence because there is no judicial fact-finding required.

We therefore reverse the Court of Appeals, vacate Nunez' term of postrelease supervision, and remand the case for resentencing under K.S.A. 22-3717(d)(1)(G)(ii).

Judgment of the Court of Appeals affirming the district court is reversed on the issue subject to review. Judgment of the district court is vacated on the issue subject to review, and the case is remanded with directions.