NOT DESIGNATED FOR PUBLICATION

No. 128,747

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYRIQ R. COLE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; TIMOTHY MCCARTHY, judge. Submitted without oral argument. Opinion filed January 30, 2026. Appeal dismissed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ISHERWOOD, P.J., CLINE and COBLE, JJ.

CLINE, J.: Tyriq R. Cole entered a plea agreement in which he agreed to plead guilty to two counts of rape in exchange for the dismissal of additional criminal charges the State had filed against him. The district court sentenced Cole to 302 months in prison, lifetime postrelease supervision, and lifetime sex offender registration, in accordance with his plea agreement.

Cole now appeals the imposition of lifetime postrelease supervision, claiming the district court violated his rights under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.

Ct. 2348, 147 L. Ed. 2d 435 (2000), because he never waived his right to have a jury determine his age. Cole relies on our Supreme Court's decision in *State v. Nunez*, 319 Kan. 351, 554 P.3d 656 (2024), to support his claim.

Cole did not raise his *Apprendi* challenge or contest his supervision term at any time before the district court. In fact, at the sentencing hearing, defense counsel highlighted that Cole knew he would be receiving lifetime postrelease supervision and that he was 21 years old at the time of the offenses, to persuade the judge to follow the plea agreement's terms.

Appellate courts generally do not consider new issues raised for the first time on appeal. See *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). Despite this rule, Cole urges us to exercise our discretion to consider his claim, arguing that it involves a determinative question of law on proved or admitted facts and is necessary to serve the ends of justice or prevent a denial of fundamental rights. See *State v. Peters*, 319 Kan. 492, 522, 555 P.3d 1134 (2024).

Cole correctly notes that the Kansas Supreme Court has decided to reach some *Apprendi* challenges raised for the first time on appeal. See *State v. Anthony*, 273 Kan. 726, 727, 45 P.3d 852 (2002); *State v. Schmeal*, No. 121,221, 2020 WL 3885631, at *8 (Kan. App. 2020) (unpublished opinion). But more recently, the Kansas Supreme Court has stressed that Kansas appellate courts generally do not address new legal theories on appeal, even when those theories allege constitutional violations. *State v. Mendez*, 319 Kan. 718, 730, 559 P.3d 792 (2024). And, after this reminder, our court has been reluctant to review unpreserved *Apprendi* claims raised for the first time on appeal. See *State v. Mason*, 66 Kan. App. 2d 209, 579 P.3d 978 (2025), *petition for rev. filed* October 30, 2025; *State v. King*, No. 127,569, 2025 WL 2682451 (Kan. App. 2025) (unpublished opinion), *petition for rev. filed* October 20, 2025; *State v. Skidmore*, No. 127,668, 2025 WL 2682404 (Kan. App. 2025) (unpublished opinion), *petition for*

*rev. filed* October 17, 2025; *State v. Suggs*, No. 127,570, 2025 WL 2682183 (Kan. App. 2025) (unpublished opinion), *petition for rev. filed* October 20, 2025.

The *Nunez* decision was issued on August 30, 2024. Cole entered his plea almost three months later—on November 26, 2024. And he was sentenced on January 24, 2025. Cole presents no explanation for his failure to raise this issue before the district court, nor does he suggest that he would have rejected the plea agreement if he had been advised of his right for a jury determination of his age.

In *State v. Jelinek*, 66 Kan. App. 2d 158, 577 P.3d 662 (2025), we declined to review the same issue Cole raises here for the first time on appeal. Although the facts surrounding the defendant's sentencing hearing in that case are slightly different from what occurred here, our discussion of the need to preserve this challenge for appeal by raising it first before the district court is instructive:

> "Appellate courts are designed to review decisions made by the trial courts, not to serve as forums for introducing new arguments or evidence. This principle ensures that trial courts have the first opportunity to address and resolve issues, promotes judicial efficiency, and prevents unfair surprises to the opposing party.
> "We elect not to consider Jelinek's newly minted appellate challenge to his sentence. Although we are under no obligation to provide a reason for our finding, the burden to convince us we should hear his new claim is on Jelinek. Yet he presents no explanation regarding his failure to raise this issue before the district court except to acknowledge that he failed to do so. If the failure was due to his attorney's failure to inform him of a constitutional right, he could pursue his claim under K.S.A. 60-1507. If having been advised of this right for a jury determination of his age would have caused him to reject the plea agreement, he could move to withdraw his plea under K.S.A. 22-3210(d)(2). In other words, we find it significant that there are other avenues available to pursue his claimed denial of a constitutional right which would give the district court and the State a full opportunity to address his concerns.

3

"Finally, *Apprendi* claims related to sentence enhancements have been widely litigated in Kansas. This would not have been a novel claim to make before the trial court. In fact, the exact claim made here by Jelinek has been ruled upon by our appellate courts multiple times. See *State v. Nunez*, 319 Kan. 351, 356, 554 P.3d 656 (2024) (finding that an *Apprendi* violation could be deemed harmless if the omitted element was uncontested and supported by overwhelming evidence); *State v. Sanders*, 65 Kan. App. 2d 236, 253, 563 P.3d 234 (2025) (citing *Nunez*, held that *Apprendi* error harmless when evidence of defendant's age is presented and undisputed); [*State v. *]*Conkling*, 63 Kan. App. 2d [841,] 844[, 540 P.3d 414 (2023)] (finding no *Apprendi* violation when defendant admitted age in signed plea agreement and financial affidavit, and listing several unpublished cases that have rejected defendant's argument); *State v. Duckworth*, No. 126,677, 2024 WL 4579265, at *5-6 (Kan. App. 2024) (unpublished opinion) (Assuming *Apprendi* error occurred, it was harmless when defendant did not contest his age, it was easily provable, and he does not contend that his defense was related to his age.). Simply allowing any party to raise new issues on appeal with no explanation for their failure to do so before the trial court or their failure to establish the lack of any other available remedy will allow the exceptions to overcome the rule. If exceptions are routinely invoked, the rule becomes meaningless and its goals elusive." *Jelinek*, 66 Kan. App. 2d at 163-64.

We find this reasoning persuasive and adopt it here. Reaching Cole's unpreserved claim on appeal would be unfair to the sentencing court and to the State. It would allow Cole to waive his right to a jury trial on the charged offenses and obtain a favorable plea, stand silent at sentencing and prevent any opportunity for the district court to ask whether there was a stipulation as to Cole's age or otherwise address the issue, and yet still challenge the resulting term of postrelease supervision on appeal. As in *Jelinek*, we decline to review the *Apprendi* challenge Cole raises for the first time on appeal.

We find that Cole has not preserved his challenge to the constitutionality of his sentence for appellate review and therefore dismiss his appeal.

Appeal dismissed.